(C. D. 553)

Goldfarb Novelty Co. *v.* United States

## United States Customs Court, Third Division

(Decided November 17, 1941)

*Siegel & Mandell* (*Sidney Mandell* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Joseph F. Donohue*, special attorney), for the defendant.

Before CLINE and KEEFE, Judges

KEEFE, Judge: This is an action to recover duties exacted by the collector at New York upon chinaware described upon the invoice as ("Souvenier ware") Square plates 6¾" "Bills Place," No. 20/573. The collector assessed duty thereon at 70 per centum ad valorem and 10 cents per dozen separate pieces under paragraph 212, Tariff Act of 1930, as decorated china tableware. The plaintiff claims that the articles are not tableware and therefore are not subject to duty at the specific rate of 10 cents per dozen separate pieces, and that duty is assessable thereon at only 70 per centum ad valorem under said paragraph.

At the trial a sample plate representing the merchandise in question was admitted as exhibit 1, although the design thereon was not the same as upon the plates in question. However, we find with the official exhibits a plate of the identical size and shape as exhibit 1, decorated with a picture and the name "Bill's Place, Pa." There are also three exhibits, being plates of various sizes introduced by the Government as illustrative exhibits A, B, and C. Exhibit 1 is somewhat square in shape, the rim being colored blue and the middle of the plate bearing a picture and having the printed caption, "S. S. Grand View Point Hotel, Pa. on U. S. Route 30, Seventeen Miles West of Bedford, Pa." The view depicts the hotel and surrounding hills. The official sample of the imported merchandise is decorated along the same lines as exhibit 1, although the scene is different. At the top of the view appear the words "Bill's Place, Pa. On U. S. Route 30 Elevation 1958 ft." At the bottom of the view appear the words "The Smallest Post Office in the U. S. A." The Government's illustrative exhibits also have picturesque views in the center of the plate, the rims thereof being variously decorated. Illustrative exhibit A depicts a river with vessels of various types and a scene of a town in the background. Upon the back of this plate appear the words "Historic America California." Illustrative exhibit B bears a pictorial decoration of the same type having a description upon the back of the plate "Wall Street Historic America New York." Illustrative exhibit C consists of a dinner plate, blue-plate style, and is embellished with three scenes described as follows: The largest view is

of a castle bearing the inscription "Haddon Hall in 1792." One of the smaller views is also of a castle which is inscribed "Haddon Hall from the River." The third view is a stairway and entrance and is inscribed "Dorothy Vernon Postern." The illustrative exhibits have a glaze over the pictorial effects, while exhibit 1 and the official sample appear to have the decorations placed thereon after the glaze has been applied to the plates.

Plaintiff testified that he is in the novelty importing business and does not come in contact with the chinaware or dinnerware trade; that the imported merchandise consists of souvenir plates in square shapes, size 6¾ inches; that such plates are sold only to souvenir stores throughout the United States, as articles which are symbolic of various places of interest; that in his travels to various souvenir places in the United States he observed how such plates were sold and for what purpose; that they were sold distinctly as souvenirs; that he has observed such articles in use twenty or thirty times over the last 5 or 6 years as ornaments on little whatnot shelves or in picture frames hanging upon the wall, or as wall plaques individually; that such plates are retailed in single pieces; and that he has never seen the imported articles used in connection with the service of food or offered for sale upon chinaware or dinnerware counters.

A jobber who represents manufacturers of chinaware and who also operates a china decorating plant, selling chinaware to all types of stores throughout the United States, testified for the Government about as follows: that the term "china tableware" is a well-recognized trade designation for certain types of chinaware with which he has been familiar for over 22 years; that china tableware is chinaware that is used for dinner, luncheon, or breakfast service on the table, and includes items that have a dinner service utility; that, in manufacturing, plates are designed for a specific purpose; that from an examination of exhibit 1, he concluded it is china tableware because it has a general acceptance for a certain use, to wit, a bread and butter plate; that a bread and butter plate is so designated by virtue of its size; that its usage is determined by its size; that he is familiar with the manufacture of plates having the same size and shape as the plates in question; that such plates are designed in the particular manner in order to be adapted to certain uses; that he has observed plates of similar size and having a similar mode of decoration in use as bread and butter plates and as salad plates; that there is nothing about a scenic design upon a plate that would prohibit or preclude its use as china tableware; that in his experience the scenic design upon a plate does not affect its use as tableware; that he has sold dinner sets, salad plate sets, service plate sets, berry sets, cake sets, and open stock stemware to souvenir stores; that he has a number of

accounts in Atlantic City where such stores carry souvenirs; that he has seen such plates sold by the retailer in quantities of more than one at Balter's on the boardwalk in Atlantic City; that they were sold in half-dozen lots and in lots of eight; and in such store they are nested and a sign placed on them offering them for sale as bread and butter plates; that such plates have wording on the face of the plates describing the scenes thereon; that he has sold patterns of early American scenes; that one pattern had the words "The Covered Wagon" on it and pictorial representations thereof, another "Valley Forge" and another "Landing at Plymouth Rock" with descriptive words; that specifically he had sold complete dinner service sets to the Greyhound Bus Co. for their luncheon stations, depicting scenes, to wit, "Old Faithful," "Niagara Falls," "The Guyser," and "A Boat on the Mississippi," all having the name of the scene on the face of the plate; that he had personally witnessed the use of a chinaware article decorated in the same manner as exhibit 1 in many homes, on table exhibits in the chinaware department of department stores and at trade shows; and that in the trade shows, the plate was on a table set up for the service of a meal, showing the use and utility of such plate, and situated to the left of the other dinner service in the place occupied usually by the bread and butter plate. The witness further testified that in a table service, the decorations do not necessarily run uniform in design throughout the set; that there are variegated decorations, ensembles, and different colors; that he has seen a dinner set decorated with printing similar to exhibit 1; that the Franciscan Pottery in California produces a dinner service having a New York City skyline decoration and he recalls particularly that upon the face of one of the plates the scene is described as "42nd Street and Broadway"; and that such a service is offered in the china department and sold as service plates, salad plates, and as a complete set if one desires to purchase such a set. The witness further testified that the views upon china tableware with which he was familiar were decorated in the manner of illustrative exhibits A, B, and C; that such decorations are transferred to the plate by means of a copper plate before the application of the glaze, while the decorations upon exhibit 1 are hand-painted after the application of the glaze to the plate; that both types of decorations are scenic and that there is nothing about the scenic designs upon a plate that would affect its use as tableware.

The evidence before us confronts us with the question whether or not the fact that ordinary chinaware articles, designed and suitable for use upon the table in the service of meals, are removed from the classification of "tableware" because of the application of scenic decorations of such character that they become particularly valuable as souvenirs.

The plaintiff relies upon our ruling in the case of *Seller* v. *United States*, T. D. 47417, 66 Treas. Dec. 762, wherein certain china mugs, known as Tom-and-Jerry mugs, were held properly dutiable under the *eo nomine* provision for "mugs" in paragraph 212 of the Tariff Act of 1930, rather than as "tableware" in the same paragraph. In that case, referring to the beverage known as a Tom and Jerry, the court stated:

It does not come within the class of appetizers or dinner beverages, and would naturally be served between meals, as stated by the plaintiff's witnesses. Therefore mugs, bearing the label "Tom and Jerry" thereon, designed for containing a Tom and Jerry served otherwise than at meals, do not come within the common meaning of tableware.

In the case of *Kuch Co.* v. *United States*, Abstract 27378, 65 Treas. Dec. 1376, also relied upon by the plaintiff, the merchandise involved consisted of china shaving mugs, which were established to have a use in barber shops and in the home for the purpose of shaving, and not to be the class of mug suitable for use upon the table in the service of meals. Upon the record there presented the court held that the mugs were not classifiable as tableware.

We are of the opinion that the foregoing decisions are not applicable to the question here presented. There the design of the articles together with the decorations thereon were indicative of their chief use and clearly demonstrated that such use was not intended to include the service of meals in a dining room. In the case before us the evidence clearly establishes that the plates in question are designed for use as bread and butter plates and were it not for the scenic decorations thereon no question of their chief use would have arisen. The bread and butter plates in question clearly come within the general classification of china tableware and we are of the opinion that a decoration thereon, as shown by the exhibits herein, would not remove them from such classification. In fact, the testimony of defendant's witness establishes that scenic designs upon tableware are not unusual and would not preclude its use in the service of meals. In the cases of *United States* v. *Redden*, 13 Ct. Cust. Appls. 224, T. D. 41177, and *Pacific Guano & Fertilizer Co. et al.* v. *United States*, 15 Ct. Cust. Appls, 218, T. D. 42240, our appellate court held that the classification of an importation must be controlled by the use of the merchandise as a class. There is no evidence before us to establish that the imported plates are not of a class or kind used chiefly as tableware. In fact, the evidence establishes to the contrary. In our opinion the correctness of the collector's classification has not been overcome.

Judgment will be entered in favor of the defendant.